266 So.2d 143 (1972)
The CITY OF MERIDIAN
v.
Thomas J. DICKSON et al.
No. 46686.
Supreme Court of Mississippi.
July 3, 1972.
Rehearing Denied September 18, 1972.
*144 Bourdeaux & Jones, Meridian, for appellant.
Laurel G. Weir, Philadelphia, Gerald Adams, Meridian, for appellees.
SUGG, Justice:
Suit was filed in the Circuit Court of Lauderdale County against The City of Meridian (defendant) for the alleged wrongful death of James Preston Dickson, a five-year-old child, by his parents, brothers and sisters (plaintiffs). The jury returned a verdict for the plaintiffs in the amount of $500. Plaintiffs filed a motion for a new trial on the ground of inadequacy of the verdict, or in lieu thereof an additur, and defendant filed a motion for judgment notwithstanding the verdict on the ground that the evidence failed to make a jury issue on the question of liability.
The trial court overruled defendant's motion for judgment notwithstanding the verdict and sustained plaintiffs' motion for a new trial on the ground of inadequacy of damages. Defendant appealed and assigned as errors:
(1) The action of the trial court in overruling defendant's motion for judgment notwithstanding the verdict; and (2) The granting of plaintiffs' requested instruction on the issue of liability. No question was raised on this appeal concerning the action of the trial court in granting a new trial because of inadequacy of the damages.
The question for our decision is the scope of appeal where a new trial has been ordered involving the amount of damages, and whether defendant in this case may raise the two issues involving liability.
Prior to the enactment of Chapter 230, Laws of 1956, amending Mississippi Code 1942 Annotated section 1536, appeals from the circuit court would lie only from a final judgment. After the amendment of section 1536, an additional sentence was added to the statute so that it reads as follows:
Every new trial granted shall be on such terms as the court shall direct; and no more than two new trials shall be granted to the same party in any cause. Provided, however, that when the sole ground for a new trial is the excessiveness or inadequacy of damages assessed, the party aggrieved may elect to appeal from the order granting a new trial.
The purpose of the amendment permitting appeals from an order granting a new trial because of the excessiveness or inadequacy of damages was to allow that issue to be determined without the necessity of a second trial. The use of the word "sole" in the last sentence manifests an intent on the part of the legislature that as far as the appellant was concerned the only issue that the party appealing could raise was the amount of damages. Thus, the only issue that the party appealing can raise is whether the trial court abused its discretion in granting a new trial on the question of damages only. Dendy v. City of Pascagoula, 193 So.2d 559 (Miss. 1967).
When a defendant appeals because the trial court grants a new trial due to inadequacy of damages, it is asking the court to reinstate the judgment and by the very act of appealing it must be willing to accept the verdict in all other respects, including the determination of liability. Otherwise, there would be no way to limit the scope of appeal to the question of whether the trial court abused its discretion in granting a new trial on the issue of damages only.
The order in the present case from which defendant appealed overruled defendant's *145 motion for a judgment notwithstanding the verdict and sustained the motion of the plaintiffs for a new trial because of inadequacy of damages. The latter action made the order appealable under the last sentence of section 1536, but the fact that the same order overruled the motion for judgment notwithstanding the verdict does not enlarge the scope of review.
We are of the opinion that it should be emphasized that the appellee is not necessarily limited to the same extent as is the party appealing insofar as the scope of review is concerned. It is essential that the appellee, whether he was the plaintiff or defendant in the court below, be allowed to raise certain questions other than the amount of the verdict; otherwise there would be a denial of due process of law. Where the defendant appeals because the trial court granted a new trial on the sole ground of inadequacy of damages, the plaintiff on cross-appeal should be allowed to raise questions involving instructions or the admission or exclusion of evidence, if such errors affected the amount of damages. On the other hand, where the plaintiff appeals when the trial court granted a new trial on the sole ground of the excessiveness of the damages, the defendant on cross-appeal should be permitted to raise any question involving liability; without such a recourse, the verdict might be reinstated and the defendant entirely cut off from raising any error that might have been committed by the trial court on the question of liability. Cf. Grice v. Central Electric Power Association, 230 Miss. 437, 92 So.2d 837, suggestion of error overruled in part and sustained in part, 96 So.2d 909 (1957).
We hold that defendant in the present case, in appealing from the order of the trial court granting a new trial on the sole ground of inadequacy of damages is limited to the question of whether the trial court abused its discretion in thus granting a new trial. Since the two issues raised by the defendant involve questions of liability, the order of the trial court granting a new trial on the issue of damages only is affirmed, and the case is remanded accordingly.
Affirmed and remanded.
RODGERS, P.J., and JONES, BRADY and SMITH, JJ., concur.