267 So.2d 312 (1972)
STATE TAX COMMISSION
v.
Dewey Richard CLINTON et al.
No. 46753.
Supreme Court of Mississippi.
October 2, 1972.
James E. Williams, Jackson, for appellant.
Laurel G. Weir, Philadelphia, for appellees.
*313 SUGG, Justice:
The State Tax Commission appealed from an order of the Circuit Court of Neshoba County, Mississippi overruling its motion to quash process. Appellees, Dewey Richard Clinton and Devon Howell, filed a motion to dismiss the appeal on the ground that the appeal was from an interlocutory order.
Appellees, Clinton and Howell, were arrested by agents of the Alcoholic Beverage Control Division of the State Tax Commission for possessing and transporting intoxicating liquor in Neshoba County, a dry county. The vehicles of appellees, Clinton and Howell, were seized and carried to Hinds County for storage pending sale by appellant under Section 10265-07 Mississippi Code 1942 Annotated (Supp. 1966).
The County Attorney of Neshoba County, Mississippi filed separate petitions to condemn the two vehicles for sale by Neshoba County under Section 2618 Mississippi Code 1942 Annotated (1956), and pursuant to a writ of seizure the vehicles were returned to Neshoba County. Under the provisions of Section 2619 Mississippi Code 1942 Annotated (1956) appellees, *314 Clinton and Howell, interposed claim to the vehicles as owners and obtained possession of the vehicles after filing bond as provided by law.
Appellant made an oral motion to quash process on the ground that the vehicles were in its possession under lawful authority and that they were not subject to reseizure by the Sheriff of Neshoba County. The court reserved ruling on the motion and requested briefs from all interested parties. By orders in both cases, the court, on motion of appellant, reopened the hearing on the motion to quash for the purpose of permitting appellant to introduce evidence pertaining to the seizure of the two vehicles.
Following the evidentiary hearing, the court, by interlocutory order dated April 28, 1971, held that the seizure of the vehicles in October, 1970 was unlawful and that Section 10265-07 Mississippi Code 1942 Annotated (Supp. 1966) was unconstitutional.
An appeal may be taken to the Supreme Court from any final judgment of the circuit court in a civil case, but there is no interlocutory appeal from a judgment of the circuit court, except from an order for a new trial based on the excessiveness or inadequacy of damages. A judgment of the circuit court is not final which does not settle the cause as to all of the parties, or when it does not finally dispose of all the issues presented. See Sections 1147 and 1536 Mississippi Code 1942 Annotated (1956); City of Meridian v. Dickson, Miss., 266 So.2d 143 (decision rendered July 3, 1972, petition for rehearing denied Sept. 18, 1972); Eubanks v. Aero Mayflower Transit Co., 253 Miss. 159, 175 So.2d 169 (1965); Bradley v. Holmes, 242 Miss. 247, 134 So.2d 494 (1961).
It should be noted that interlocutory appeals from an order or decree of the chancery court are permitted under certain restrictive conditions set forth in Section 1148 Mississippi Code 1942 Annotated (1956). We have held that Section 1148 does not operate to permit interlocutory appeals from the circuit court. See Morris v. Brown, 42 So.2d 95 (Miss. 1949) and cases cited therein.
This case does not fall within the exception permitting an interlocutory appeal from a judgment or order of the circuit court; therefore, we sustain the motion to dismiss the appeal, with leave to the appellant to plead within 30 days after the mandate is received by the lower court.
Motion to dismiss sustained. Remanded for hearing on the petitions to condemn filed by the County Prosecuting Attorney of Neshoba County, with leave for appellant to plead.
All Justices concur except BRADY, J., who took no part.