LEE, Justice,
for the Court:
The Circuit Court of Harrison County entered judgment in favor of Jimmy P. Wise against Constable Rudy Richardson and National General Insurance Company, his surety, in the sum of thirty-five hundred dollars ($3,500.00) for abuse of process. Subsequently, the trial court sustained a motion for new trial filed by Richardson and National General. Wise has appealed to this Court.
The only error assigned and argued by Wise is that the trial court erred in granting a new trial when there was no showing that the jury was influenced by an attempted jury tampering.
None of the parties have considered Mississippi Code Annotated § 11-7-213 (1972) or the question presented by it. That section disposes of the case, and we raise the question on our own motion.
Mississippi Code Annotated § 11-7-213 (1972) provides:
*60 “Every new trial granted shall be on such terms as the court shall direct; and no more than two new trials shall be granted to the same party in any cause. Provided, however, that when the sole ground for a new trial is the excessiveness or inadequacy of damages assessed, the party aggrieved may elect to appeal from the order granting a new trial." (Emphasis added).
The statute was construed in City of Meridian v. Dickson, 266 So.2d 143 (Miss.1972) and cases previous thereto. This Court said in City of Meridian v. Dickson:
“The purpose of the amendment permitting appeals from an order granting a new trial because of the excessiveness or inadequacy of damages was to allow that issue to be determined without the necessity of a second trial. The use of the word ‘sole’ in the last sentence manifests an intent on the part of the legislature that as far as the appellant was concerned the only issue that the party appealing could raise was the amount of damages. Thus, the only issue that the party appealing can raise is whether the trial court abused its discretion in granting a new trial on the question of damages only. Dendy v. City of Pascagoula, 193 So.2d 559 (Miss.1967).” 266 So.2d at 144.
See also Byrd v. Sinclair Oil and Refining Co., 240 So.2d 623 (Miss.1970).
Since there is no basis for appeal here on the error assigned, the appeal must be and it is dismissed.
APPEAL DISMISSED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.