SMITH, Presiding Justice, for the Court:
Clara McBroom seeks to appeal from a judgment of the Circuit Court of Chickasaw County entered in a suit brought by her for damages for personal injuries alleged to have been incurred as the result of an automobile collision. In her suit, McBroom named as defendants Ronnie D. Hill and his father, Devan Hill, alleging that negligence on the part of Ronnie D. Hill in the operation of an automobile belonging to his father, Devan Hill, proximately caused the collision and that at the time he was acting as the agent of his father. Devan Hill countered with a suit against McBroom for the damages done to his automobile.
Upon conflicting evidence adduced by McBroom and the Hills on the issue of negligence, the jury returned a verdict for Ronnie D. Hill. There having been no evidence offered to support the theory that Ronnie D. Hill had been acting as agent of his father the circuit court judge correctly directed a verdict for him on the issue of liability to McBroom for injuries alleged to have been sustained by her. On the evidence as to negligence, the jury also returned a verdict for Devan Hill against McBroom on his counter suit for damages to his car but fixed the amount at “zero dollars.” The only evidence as to the amount of damages to the Devan Hill automobile having been $2,596.49, and there having been no contradictory evidence as to the amount, the trial court ordered a new trial in the Devan Hill counter suit on the single issue of the amount of damages, unless, within thirty days, McBroom would accept an additur of $2,596.49, which was the undisputed amount of damages to the Hill automobile. In this state of the case, McBroom neither accepted the additur nor proceeded with the new trial.
There remains undisposed of in the trial court, therefore, the issue for the determination of which the circuit court judge ordered a new trial, that is, a new trial to determine the amount due Devan Hill as damages to his automobile, McBroom obviously having declined to accept the additur.
In this situation, the appeal is premature, the judgment not having been final as to all parties on all issues. The appeal is, on motion of appellee, dismissed in order that the single remaining issue may be disposed of in the trial court.
In State Tax Commission v. Clinton, 267 So.2d 312 (Miss.1972), this Court held:
An appeal may be taken to the Supreme Court from any final judgment of the circuit court in a civil case, but there is no interlocutory appeal from a judgment of the circuit court, except from an order for a new trial based on the exces-siveness or inadequacy of damages. A judgment of the circuit court is not final which does not settle the cause as to all of the parties, or when it does not finally dispose of all the issues presented. See Sections 1147 and 1536 Mississippi Code 1942 Annotated (1956); City of Meridian v. Dickson, Miss., 266 So.2d 143 (decision rendered July 3, 1972, petition for rehearing Denied Sept. 18, 1972); Eubanks v. *65 Aero Mayflower Transit Co., 253 Miss. 159, 175 So.2d 169 (1965); Bradley v. Holmes, 242 Miss. 247, 134 So.2d 494 (1961). (267 So.2d at 314).
APPEAL DISMISSED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., coneur.