0571

Joseph L. PREGO and Laura E. Prego, Respondents, v. Frederick James HOBART, F & S Wholesale Corporation, Genco Chemicals, Inc., and Sunco Pool Company, Inc., Defendants, of whom Frederick James Hobart and F & S Wholesale Corporation are Appellants.

(336 S. E. (2d) 725)

Court of Appeals

*Allen L. Ray* and *Willard D. Hanna,* Conway, *for appellant F & S Wholesal* ˙.

*Dwight Hudson,* Conway, *for appellant Frederick James Hobart.*

*George M. Hearn* of *Stevens, Stevens, Thomas, Hearn & Hearn,* Loris, *for respondents.*

Nov. 1, 1985.

SHAW, Judge:

This is a tort action. Respondent Laura E. Prego, a minor, sued appellants Frederick James Hobart and F & S Wholesale Corporation seeking damages for injuries sustained when Hobart's automobile collided with the bicycle she was riding. Respondent Joseph E. Prego, Laura's father, sued Hobart and F & S to recover Laura's medical expenses. The actions were consolidated for trial. The jury returned a verdict against Laura on her claim, and found for her father on his claim for her medical expenses. The trial court ordered new trials based on inconsistent verdicts. Hobart and F & S appeal. We affirm.

On April 30, 1980, Laura was struck and seriously injured by an automobile driven by Hobart. At the time, Hobart was employed by F & S, Genco Chemical, Inc., and Sunco Pool Company, Inc. Laura and Joseph sued Hobart and his three employers. However, before trial, Laura and Joseph dismissed Genco and Sunco by way of covenants not to sue. At the close of their case, Laura and Joseph took a voluntary nonsuit without prejudice as to Hobart by way of a covenant not to sue.

F & S claims the trial court erred by finding a covenant not to sue an employee does not release the employer from liability based on respondeat superior. F & S also charges error in the trial court granting Laura and Joseph a new

trial. Finally, F & S argues the trial court should have reduced the verdict for Joseph by $18,500.00, the sum received pursuant to the covenants not to sue with Hobart, Sunco, and Genco.

Hobart claims the trial court erred in (1) ruling on issues and making findings not supported in the record, (2) ruling a formal covenant not to sue was never finalized because of failure to comply with Circuit Court Rule 14, and (3) finding Hobart is an interested party to the appeal on the issue of the viability and enforceability of the covenant.

The dispositive issue is whether the trial court erred in granting Laura and Joseph a new trial. The award or denial of a new trial is within the trial court's discretion; subject however, to this court's power to review and determine whether the trial court abused its discretion. *Griffin v. Griffin*, 282 S. C. 288, 318 S. E. (2d) 24 (Ct. App. 1984).

The jury returned inconsistent verdicts in these actions. In effect, it found F & S not liable for Laura's injuries, but liable for the resulting medical expenses. "Judges and parties should not be required to guess as to what a jury sought to render." *Rhodes v. Winn-Dixie Greenville, Inc.*, 249 S. C., 526, 155 S. E. (2d) 308, 310 (1967) (quoting *Lorick & Lowrance, Inc. v. Julius H. Walker & Co.*, 153 S. C. 309, 150 S. E. 789, 793 (1929) ).

Where two verdicts are irreconcilably inconsistent, a new trial should be granted in both cases. If the judge decided which verdict to let stand and which to try over, he would be appraising the evidence which is for the jury. *Rhodes v. Winn-Dixie Greenville, Inc.*, 155 S. E. (2d) at 309. Thus, we hold the trial judge properly ordered a new trial for both cases.

Our resolution of this issue disposes of the other issues raised in this appeal. All other claims and defenses of the parties can be litigated at the new trial.

Affirmed.

BELL and CURETON, JJ., concur.