22734

Charles N. CRAVEN and Susan Craven, Appellants v. Elizabeth S. CUNNINGHAM and Sheila C. Cunningham, Respondents.

(357 S. E. (2d) 23)

Supreme Court

*John R. Clarke,* North Myrtle Beach, *for appellants.*

*O. Allen Alexander,* of *McCutcheon, McCutcheon & Baxter,* Conway, *for respondents.*

Heard April 20, 1987.

Decided June 1, 1987.

FINNEY, Justice:

Appellant Charles N. Craven (Mr. Craven) commenced this action seeking recovery for personal injuries suffered as a result of an automobile accident. Appellant Susan Craven (Mrs. Craven), by a separate action, sought damages for loss of consortium. Both cases were consolidated for trial. The jury returned a verdict of $6,100 for actual damages in favor of Mr. Craven, but denied Mrs. Craven damages in her suit. Appellants moved for a new trial, alleging the verdicts were inconsistent. Mr. Craven also motioned for a new trial additur on the grounds that the verdict in his case was grossly inadequate. The trial court refused each of appellants' motions. We affirm.

The appellants are husband and wife. Mr. Craven was driving a motor vehicle when the accident occurred. At the accident scene, he stated that he was not injured but was slightly "shaken up." The day following the accident, Mr. Craven visited a physician and was given pain pills and muscle relaxants. Prior to the accident, Mr. Craven was being treated for separated ribs and had suffered a back injury for which he was receiving monthly benefits for a ten percent disability. On his visit the day after the accident, Mr. Craven complained to the physician of a recurrence of pain in his left chest. He did not complain of any pain or injury to the cervical spine, neck or back until approximately one month later when he was examined by several chiropractors. The chiropractors testified that Mr. Craven had suffered permanent injury to his cervical spine and gave testimony concerning treatment required by Mr. Craven and its cost.

Mrs. Cravens' suit for loss of consortium was based on her allegations of a detrimental change in their marital relationship as a result of the automobile accident, Mr. Craven's inability to perform certain household chores, and for assistance she provided in carrying her husband to the chiropractic sessions.

Appellants argue the trial court erred in refusing to ■ grant their motions for a new trial because the jury's verdicts were irreconcilably inconsistent. See *Prego v. Hobart, et al.,* 287 S. C. 116, 336 S. E. (2d) 725 (Ct. App. 1985); *Haskins v. Fairfield Electric Cooperative,* 283 S. C. 229, 321 S. E. (2d) 185 (1984). Our view of the evidence does not support the conclusion that these verdicts were irreconcilably inconsistent. As this Court stated in *South Carolina State Highway Department v. Clarkson,* 267 S. C. 121, 226 S. E. (2d) 696 (1976), a trial judge's decision granting or denying a new trial will not be disturbed unless his decision is wholly unsupported by the evidence or the conclusions of law have been controlled by an error of law.

Based upon the facts in this record, we conclude that these cases are easily distinguishable from *Prego* and *Haskins, supra.* In the instant case, the issues of the extent of Mr. Craven's accident-related injuries and post-accident deterioration of the marriage relationship were contested throughout the trial. Hence, we do not find it irreconcilably inconsistent for the jury to determine that respondents were liable for actual damages to Mr. Craven and, based upon the evidence in this record[1], conclude that Mrs. Craven had not proven her case for loss of consortium.

Mr. Craven contends the trial court erroneously refused to grant his motion for a new trial additur because his verdict was grossly inadequate, citing medical bills of $3,116.92, loss wages of $2,095.27, permanent injuries, future medical bills, and pain and suffering.

The credibility of witnesses is for the triers of the ■■ facts. Inadequacy of a jury's verdict will not, *per se,* entitle litigants to a new trial or a new trial additur. See *General Electric Co. v. Gate,* 273 S. C. 88, 254 S. E. (2d) 305 (1979). A reviewing court will not interfere with the amount of a verdict unless the verdict is either so grossly excessive or inadequate that it must be deemed the result of the jury's disregard of the facts and the court's instructions. See *King v. Daniel Int'l. Corp.,* 278 S. C. 350, 296 S. E. (2d) 335 (1982); *Mickle v. Blackmon,* 252 S. C. 202, 166 S. E. (2d) 173 (1969).

---

[1] Appellants and appellants' physician testified about marital problems existing before the accident.

We find no showing in this record that the verdict was so grossly inadequate as to indicate the jury disregarded the facts or the trial judge's instructions. Accordingly, the judgment of the trial court is affirmed.

Appellants' remaining exceptions are disposed of pursuant to Supreme Court Rule 23.

Affirmed.

NESS, C. J., GREGORY and HARWELL, JJ., and Acting Associate Justice BRUCE LITTLEJOHN, concur.