1008

Achille CHIAPPETTA and Charlotte Chiappetta, Respondents v. Earl L. ORR, M.D., and Dunes Marketing Group, Inc. of which Earl L. Orr, M.D., is the Appellant.

(359 S. E. (2d) 530)

Court of Appeals

*Terry A. Finger*, of *Novit & Scarminach*, of Hilton Head, and *James B. Richardson, Jr.*, Columbia, *for appellant.*

*Joseph K. Qualey* and *Michael McKeithen*, of *McKeithen & Qualey*, Hilton Head, *for respondents.*

Submitted June 17, 1987.

Decided Aug. 3, 1987.

SHAW, Justice:

Respondents, Achille Chiappetta and Charlotte Chiappetta, brought this action against appellant, Earl L. Orr, for breach of contract. A jury awarded the Chiappettas $2,500 damages for the breach and the trial judge granted their motion for a new trial nisi unless the appellant agreed to an additur of $12,500 in damages. Orr appeals the granting of the new trial nisi additur. We affirm.

In April of 1985, Orr and the Chiappettas entered into a contract for the sale of the Chiappettas' Hilton Head Island home to Orr. Subsequently, Orr stopped payment on his earnest money check. The jury initially determined Orr was in breach of his contract to purchase the house, but the Chiappettas had suffered no damages as a result of the breach. The trial judge declined to accept this verdict and instructed the jury the Chiappettas were entitled to actual and special damages, the jury resumed deliberations and returned a verdict in favor of the Chiappettas for $2,500.

The Chiappettas made a motion for an additur and, in the alternative, for a new trial on the issue of damages only, arguing the verdict was inadequate in light of the damages proved. The trial judge granted the motion for a new trial on damages unless Orr agreed to an additur in the amount of $12,500, citing the excessive inadequacy of the jury verdict.

Orr contends the trial judge abused his discretion in granting the new trial nisi additur claiming the evidence was inadequate to support an award of $15,000 in damages.

Motions for a new trial on the ground of either excessiveness or inadequacy of the verdict are addressed to the sound discretion of the trial judge, subject to review on appeal as to whether there has been an abuse of discretion amounting to error of law. *Toole v. Toole*, 260 S. C. 235, 195 S. E. (2d) 389 (1973).

The trial judge, sitting as the thirteenth juror charged with the duty of seeing that justice is done, has the authority to grant new trials when he is convinced a new trial is necessitated by the facts in the case. *Graham v. Whitaker*, 282 S. C. 393, 321 S. E. (2d) 40 (1984). While the trial judge may not impose his will upon a party by substituting his judgment for that of the jury, he may give the parties an option in the way of additur or remittitur, or, in the alternative, a new trial. If the party ruled against agrees to the suggested amount, he may not complain. *Graham, supra.*

We find no abuse of discretion on the part of the trial judge in granting the motion for a new trial nisi additur. It

is evident from the record the Chiappettas' damages were in the range of the damages awarded by the jury verdict and the trial judge's additur.

Affirmed.

GARDNER and CURETON, JJ., concur.