1030

Betty M. JONES, Respondent v. INGLES SUPERMARKETS, INC., Appellant.

(361 S. E. (2d) 775)

Court of Appeals

*Edwin B. Parkinson, Jr.* of *Haynesworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellant.*

*George Brandt, III* of *Henderson, Brandt & Vieth,* Spartanburg, *for respondent.*

Heard Sept. 15, 1987.

Decided Oct. 26, 1987.

GARDNER, Judge:

Plaintiff Betty M. Jones (the plaintiff) brought this action for malicious prosecution against Ingles Supermarkets, Inc., (the defendant). Following a jury verdict in favor of the plaintiff for $150 actual damages, the trial judge granted the plaintiff's motion for a new trial *nisi;* he ordered a new trial on damages, unless the defendant agreed to an additur of $7,500 in actual damages. We affirm.

The only issue of merit is whether the trial judge erred by granting plaintiff's motion and in the event the defendant elected a new trial, by limiting the new trial to the issue of damages.

Only a brief resume of the facts is necessary to this decision. Plaintiff had a checking account at the South Carolina National Bank; she closed the account. A while later, plaintiff's husband disposed of the remaining blank checks; the plaintiff testified that he "might have thrown them in the trash." Someone forged plaintiff's name to one of the blank checks; defendant accepted the forged check, which the bank dishonored. Defendant contacted plaintiff; she went to defendant's store, showed the manager her driver's license and the signature thereon and told him that the check had been forged. Defendant, however, later accepted another check on the closed account and swore out a warrant

for plaintiff. Plaintiff was arrested, taken away from her children, "mug shot" and incarcerated in a jail cell of the county jail. Plaintiff employed an attorney and paid him $150. About a month later when the case was called for trial, the defendant dropped all charges.

With the above backdrop we address defendant's arguments on appeal.

Relying on *Carrigg v. Blue*, 283 S. C. 494, 323 S. E. (2d) 787 (Ct. App. 1984), the defendant argues first that the issues of liability and damages in this case are "inextricably interwined" and, therefore, the court should have granted a new trial absolute on all issues rather than a new trial *nisi additur* on the sole issue of damages. We reject this argument.

*Carrigg* presented a situation in which the trial judge granted the defendant's post-verdict motion for a new trial *nisi* requiring *Carrigg* to reduce a substantial part of both actual and punitive damages awarded by the jury. The actual damages proved and recoverable under the cause of action elected by the plaintiff in *Carrigg* were about 20 percent of the verdict as reduced by the order granting a new trial *nisi;* for this reason and others enumerated in the opinion, the Court of Appeals held that the trial court abused its discretion in failing to grant defendant's motion for a new trial absolute on the grounds that the verdict was arbitrary, capricious and grossly excessive. The court further found that the issues of damages and liability were inextricably intertwined because "common questions of fact underlie both the liability and the damages aspects of the case"; for this reason the court rejected the argument that, upon retrial, the trial be limited to a single issue. The facts of this case do not reflect either an arbitrary or capricious verdict; the interrelation of an excessive award of actual damages with a capricious award of punitive damages is not present. In short, compelling reasons for the granting of a new trial absolute are not present in this case as was the case in *Carrigg*. We therefore find *Carrigg* inapposite to the case on hand.

The defendant next attacks the propriety of the trial judge's granting of a new trial *nisi additur*.

A trial judge, sitting as the thirteenth juror charged with the duty of seeing that justice is done, has the authority to grant new trials when he is convinced that a new trial is necessitated by the facts of the case. *Graham v. Whitaker*, 282 S. C. 393, 321 S. E. (2d) 40 (1984). While the trial judge may not impose his will on a party by substituting his judgment for that of the jury, he may give the party an option in the way of additur or remittitur, or, in the alternative a new trial. If the party ruled against agrees to the suggested amount, he may not complain. *Graham, supra.*

Motions for a new trial on the grounds of either excessiveness or inadequacy of the verdict are addressed to the sound discretion of the trial judge, subject to review on appeal as to whether there has been an abuse of discretion amounting to an error of law. *Chiappetta v. Orr*, 359 S. E. (2d) 530 (S. C. Ct. App. 1987); *Toole v. Toole*, 260 S. C. 235, 195 S. E. (2d) 389 (1973).

The trial judge has the power to grant a new trial *nisi additur* when he finds the verdict so grossly inadequate as to be the result of prejudice and passion or merely insufficient based on the evidence. *Haskins v. Fairfield Electric Co-Op.*, 283 S. C. 229, 321 S. E. (2d) 185 (Ct. App. 1984). *Id.* Compelling reasons, however, must be stated in the order as to why it was necessary to invade the jury's province in this manner.

The appealed order found as a matter of law that the plaintiff proved malicious prosecution by the defendant by a preponderance of the evidence. The defendant does not appeal from the jury's verdict as to liability or this ruling of the appealed order.

While conceding that the attorney fee of $150 was the only liquidated damages proved by the plaintiff, the trial judge held that the verdict was grossly inadequate. We agree. The jury was instructed that if they found in favor of the plaintiff, that they return a verdict to fairly compensate the plaintiff for her arrest and imprisonment, taking into consideration her mental pain and suffering, fright, nervousness, indignity, humiliation, embarrassment and insults to which she was subjected. The plaintiff was arrested while in the presence of her two children and forced

to travel to the Spartanburg County Jail where she was subjected to a lengthy booking process, including being photographed and then imprisoned in a cell; she was incarcerated for four hours or more. The trial judge held that the verdict of $150 was so grossly inadequate as to shock the conscience of the court. After having carefully reviewed every word of the record, we find no error in the appealed order's granting of a new trial *nisi additur* in the amount of $7,500. And we so hold.

Next the defendant strenuously argues that the trial judge erred in granting a new trial only as to damages. We find no error in this ruling. In *Graham v. Whitaker, supra* the Supreme Court, speaking through Acting Justice Shaw, of this Court, had this to say:

> Dr. Whitaker submits that the trial judge abused his discretion in granting a new trial nisi additur claiming the facts and circumstances of this case call for a new trial not only as to damages but as to liability as well. We disagree. Formerly, when a new trial was granted all issues were submitted again to the jury. More recently, this court has determined that a new trial on a particular issue only is appropriate in the interest of judicial economy. In the case of *Industrial Welding Supplies v. Atlas Vending Co.*, 276 S. C. 196, 277 S. E. (2d) 885 (1981), this court ruled that a new trial may be limited to a single issue.

282 S. C. at 400, 321 S. E. (2d) at 44.

We have carefully reviewed the record and find no errors of law as relate to the trial of the liability issue of this case; in fact, the defendant asserts no error as to the trial of the liability issue. Accordingly, we hold that only the matter of ascertaining the amount of damages should be tried again. And we so hold. We therefore find no error in the appealed order.

For the reasons stated, the appealed order is affirmed.

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.