1176

Gwendolyn Othello THOMAS, Respondent v. Helen Leonard SEAY, Appellant.

(369 S. E. (2d) 660)

Court of Appeals

C. Roland Jones, Jr., of *The Ward Law Firm*, Spartanburg, *for appellant.*

Richard H. Rhodes, of *Burts, Turner, Hammett, Harrison, Rhodes & Thompson*, Spartanburg, *for respondent.*

Heard April 19, 1988.

Decided June 6, 1988.

GARDNER, Judge:

Gwendolyn Othello Thomas (Thomas) brought this action against Helen Leonard Seay (Seay) for personal injuries received in an automobile accident. Seay admitted simple negligence and the issue of damages was submitted to the jury. Thomas received a verdict of $371.00 actual damages. The trial judge granted Thomas' motion for new trial *nisi additur* for $7,129.00 bringing the verdict to $7,500.00. We affirm.

The sole issue of merit is whether the trial judge erred in granting the motion for a new trial *nisi additur*.

Seay admitted that she illegally turned her vehicle into the path of Thomas' car; her argument is that Thomas was not injured as badly as she (Thomas) claims.

It is undisputed that at trial Thomas presented evidence of medical bills totaling $1,966.44. It is also undisputed that two physicians who treated Thomas testified that she had a permanent disability resulting from the accident. One doctor testified that Thomas had suffered a 15 percent permanent impairment to her cervical spine and the other estimated a 10 percent permanent impairment. Testimony reflects lost wages in the amount of $646.85.

The decision to grant a new trial *nisi additur* rests within the sound discretion of the trial judge. *Graham v. Whitaker*, 282 S. C. 393, 321 S. E. (2d) 40 (1984).

This is true even where the jury returns a verdict which falls within the range of the evidence. *Chiappetta v. Orr*, 293 S. C. 250, 359 S. E. (2d) 530 (Ct. App. 1987). If the amount of the verdict appears to be insufficient based upon the evidence, the trial judge may grant a new trial or an additur. *Haskins v. Fairfield Electric Cooperative*, 283 S. C. 229, 321 S. E. (2d) 185 (Ct. App. 1984). An appellate court will not review the trial court's decision for an additur or a new trial unless it is wholly without evidentiary support or manifestly controlled by error of law. *Albertini v. Veal*, 292 S. C. 561, 357 S. E. (2d) 716 (Ct. App. 1987).

We have carefully reviewed the record, and hold that the trial judge's decision is supported by the evidence of record.

We, however, reject Thomas' argument that because Seay failed to agree to the additur she (Seay) waived her right to a new trial and Thomas should now be entitled to $7,500. If this argument were accepted, a defendant would be unduly punished for exercising his or her right to appeal an order granting a motion for a new trial *nisi additur;* we therefore reject this argument.

For the reasons stated, the appealed order is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.