1468

Emma WILLIAMS, as Administratrix of the Estate of Johnnie Williams, Respondent v. ROBERTSON GILCHRIST CONSTRUCTION COMPANY, INC., Appellant.

(390 S.E. (2d) 483)

Court of Appeals

*Frank S. Potts*, of *Lewis, Lewis, Bruce & Potts*, Columbia, *for appellant*.

*William T. Toal* and *Luther J. Battiste, of Johnson, Toal & Battiste*, Columbia, *for respondent*.

Heard Jan. 23, 1990.

Decided March 12, 1990.

GARDNER, Judge:

This is a wrongful death case in which the jury returned a

verdict in the amount of $170,590 for the plaintiff, Emma Williams (Williams), as Administratrix. A post-judgment motion by Williams for a new trial *nisi additur* was granted and the trial judge increased the verdict to $225,000.[1] We affirm.

## ISSUE

The sole issue of merit is whether a trial judge, in granting a motion for a new trial *nisi additur*, must make an express finding that the verdict is grossly inadequate.

## FACTS

There are only a few pertinent facts relating to this appeal. Williams called Dr. Oliver Wood, an expert economist, who testified that the total economic loss suffered by the deceased's beneficiaries was $170,590. The parties stipulated that the funeral bill was $4,972. Williams offered several witnesses who testified to the non-economic losses such as loss of love and affection, companionship, advice, etc. This testimony is uncontradicted.

Williams' attorney made a timely postverdict motion for a new trial *nisi additur* on the ground that the jury obviously returned a verdict based only upon the economic damages. The trial judge issued the following order:

> THE COURT: Thank you, counselor. The verdict, if it were not the exact figure as set forth by the economist for economic loss of $170,590, I could not say was unreasonable, if it were not for the fact that there was an economic loss. But in view of the fact that the figure mirrors or is exactly the figure of the economic damage, it would be my conclusion that the jury did not award damage for the funeral bill or anything for the loss of companionship, loss of emotions, loss of the grief and sorrow and the other intangible elements of damage. So, I am going to grant a new trial additur, under the terms of which the defendant is required to pay the full sum of $225,000 or grant a new trial to the plaintiff.

---

[1] Robertson Gilchrist paid Williams $170,590.00; in this appeal it only contests the additur.

## DISCUSSION

A trial judge may grant a new trial *nisi additur* upon a finding that the verdict is so inadequate that it must be determined to be the result of the jury's disregard of the facts or the trial judge's instructions. The order must contain compelling reasons in accord with this rule. *Craven v. Cunningham*, 292 S.C. 441, 357 S.E. (2d) 23 (1987); *Haskins v. Fairfield Elec. Co-Op.*, 283 S.C. 229, 321 S.E. (2d) 185 (Ct. App. 1984).

We reject Robertson Gilchrist's argument that the jury simply reduced the amount of economic loss and then added the funeral bill and what it found to be the proper amount for non-economic losses. We hold that although possible, this is most improbable and highly conjectural. On the other hand, the trial judge's reasoning points to the exact sameness of the economic losses as testified by Dr. Wood and the amount of the verdict. He then with good reasoning, we hold, concluded that the jury disregarded the testimony about the funeral bill and non-economic losses; we concur in this conclusion. As Justice Finney wrote in *Craven v. Cunningham, supra,* the finding of gross inadequacy must be determined to be the result of the jury's disregard of the facts or the trial judge's instructions. This is exactly what happened in this case. The trial judge's conclusion that the jury had disregarded the testimony pertaining to the funeral bill and non-economic losses, we hold, is tantamount to finding that the verdict was grossly inadequate.

The appellate courts of this state, to our knowledge, have not required a trial judge in granting a motion for a new trial *nisi additur* to make an express finding that the verdict is grossly inadequate. It is sufficient, we hold, that the court articulate the reasons it considers the award of the jury to be grossly inadequate. We hold that the order in this case complies with that rule.

It is to be remembered that when a new trial *nisi additur* is granted, if the party ruled against agrees to the amount provided by the order granting the motion, then he may not complain; on the other hand, if he does not agree, he has the right to retry the case. *See Jones v. Ingles Supermarkets, Inc.*, 293 S.C. 490, 361 S.E. (2d) 775 (Ct. App. 1987).

## CONCLUSION

We hold that in granting a motion for a new trial *nisi additur* it is not necessary for the trial judge in so many words to say or write in his order that the verdict was grossly inadequate. It is sufficient, in granting a motion for a new trial *nisi additur*, that the trial judge verbalize his conclusion that the jury in awarding damages disregarded the facts of the case or the judge's instruction. When these compelling reasons are stated in the order granting the motion, it is, we hold, tantamount to a verbalization of the trial judge's conclusion that the verdict was grossly inadequate. And we so hold.

Affirmed.

BELL, J., concurs.

GOOLSBY, J., dissents with opinion.

GOOLSBY, Judge (dissenting):

I respectfully dissent.

This is an action for wrongful death brought against Robertson Gilchrist Construction Company, Inc., by Emma Williams, as Administratrix of the Estate of Johnnie Williams. The jury returned a verdict for actual damages in Williams' favor in the amount of $170,590. Williams, however, moved for an additur or, in the alternative, for a new trial on the issue of damages.

The trial court granted a new trial to Williams should Robertson Gilchrist elect not to pay an additur of $54,410. The trial court did not prescribe a time limit within which Robertson Gilchrist was to make its choice.

Robertson Gilchrist immediately appealed without electing whether to pay the additur suggested by the trial court. After serving its notice of appeal, Robertson Gilchrist paid Williams the sum of $170,590.

I would dismiss Robertson Gilchrist's appeal as premature because Robertson Gilchrist has yet to choose between paying the additur or submitting to a new trial. *See McBroom v. Hill,* 365 So. (2d) 63 (Miss.1978) (an appeal from an order granting an additur or a new trial held premature where the additur had not been accepted and no new trial had been held

because the issue of damages remained unresolved in the trial court); *cf. Clarkson v. Crawford*, 285 Pa. 299, 132 A. 350 (1926) (a plaintiff's appeal from an order granting a defendant a new trial unless the plaintiff remitted a named amount of damages held premature where the appeal was taken before the plaintiff elected whether to agree to accept the lesser sum since the plaintiff could not complain of being injured by the granting of new trial until the plaintiff refused to take the smaller amount). I recognize that the appellate courts of this state have entertained similar appeals; however, neither the Supreme Court nor this court has addressed the issue of whether the grant of such a motion is appealable where the party required to make the election has accepted neither the additur nor the alternative of a new trial. *Graham v. Whitaker*, 282 S.C. 393, 321 S.E. (2d) 40 (1984); *Jones v. Ingles Supermarkets, Inc.*, 293 S.C. 490, 361 S.E. (2d) 775 (Ct. App. 1987); *Chiappetta v. Orr*, 293 S.C. 250, 359 S.E. (2d) 530 (Ct. App. 1987); *cf. Middleton & Co. v. Atlantic Coast Line R.R. Co.*, 133 S.C. 23, 130 S.E. 552 (1925) (a defendant may appeal the denial of a motion for a new trial or new trial nisi and the remedy of the plaintiff is exactly the same where the verdict is for an amount less than the plaintiff conceives it should have been); *Thomas v. Seay*, 295 S.C. 455, 369 S.E. (2d) 660 (Ct. App. 1988) (a defendant's appeal from an order granting a motion for a new trial additur does not waive the defendant's right to a new trial following an affirmance of the order on appeal).

The payment by Robertson Gilchrist to Williams after service of its notice of appeal of the amount of the jury's verdict cannot be viewed as either an acceptance or a rejection either of the additur or of a new trial since the payment can suggest either that Robertson Gilchrist has declined to accept the additur or that it has declined the alternative of a new trial.