**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shamsy Madani, Respondent,

v.

Rickey Phelps and Christy Phelps, Appellants.

Appellate Case No. 2017-001761

---

Appeal From Beaufort County
Marvin H. Dukes, III, Circuit Court Judge

---

Unpublished Opinion No. 2020-UP-108
Submitted March 20, 2020 – Filed April 15, 2020

---

**AFFIRMED**

---

Christopher Stephen Truluck, of Columbia, for Appellants.

Andrew James Toney, of Mullen Wylie, LLC, of Hilton Head Island, for Respondent.

---

**PER CURIAM:** Tenants-Appellants Rickey and Christy Phelps filed suit against their ex-landlord-Respondent Shamsy Madani in magistrate court under the Residential Landlord and Tenant Act (RLTA) for (I) unlawful ouster under section 27-40-660 of the South Carolina Code (2007) and (II) failure to return security deposit under section 27-40-410 of the South Carolina Code (2007). Respondent

counterclaimed for breach of contract, claiming Appellants (I) damaged her property and (II) failed to pay rent. The jury found for Appellants on unlawful ouster and failure to return the security deposit, but found for Respondent on her breach of contract claim for damages to the property and failure to pay rent. The jury awarded Appellants the following: zero dollars for unlawful ouster or exclusion and $950 for failure to return security deposit. Conversely, the jury awarded Respondent: $301.85 for damage to Respondent's property and $1,050 for Appellants' failure to pay rent. The magistrate court issued an order awarding Appellants three times the rent ($950) under section 27-40-660 and three times the security deposit ($950) under section 27-40-410—totaling $5,700. The court subsequently awarded Appellants attorney's fees in the amount of $5,080. Appellants' award totaled $10,780 and Respondent's award totaled $1,316.85. Respondent appealed the judgment to the circuit court arguing the jury's award was irreconcilable and inconsistent. The circuit court reversed the magistrate court's judgment and remanded for a new trial. Appellants argue the circuit court erred in reversing and remanding for a new trial because (1) Respondent failed to preserve the irreconcilable verdict issue for appeal and (2) the verdict was reconcilable.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.    As to whether the "irreconcilable verdict" issue was preserved for appellate review: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Camden v. Hilton*, 360 S.C. 164, 171, 600 S.E.2d 88, 91 (Ct. App. 2004) ("[P]arties seeking to reform a verdict must voice their objection before the jury is discharged . . . ."); *Dykema v. Carolina Emergency Physicians, P.C.*, 348 S.C. 549, 554, 560 S.E.2d 894, 896 (2002) ("[F]ailure to challenge the verdict upon being given an opportunity to do so results in a waiver."). The magistrate court excused the jury before either party had an opportunity to question the jury's intentions in rendering its verdict. Upon being given the opportunity by the court, Respondent raised her concerns regarding the verdict.

---

[1] Respondent argues that the magistrate court lacked subject matter jurisdiction to hear the matter. We disagree. *See* S.C. Code Ann. § 27-40-130(a) (2007) ("The circuit courts and magistrate courts of this State shall exercise concurrent jurisdiction over any landlord with respect to *any* conduct in this State governed by [the RLTA] or with respect to *any* claim arising from a transaction subject to [the RLTA]." (emphases added)).

2.    As to whether the circuit court erred in reversing the magistrate court's judgment and finding the jury's verdict irreconcilable: S.C. Code Ann. § 18-7-170 (2014) ("In giving judgment[,] the [circuit] court may affirm or reverse the judgment of the [magistrate court], in whole or in part, as to any or all the parties and for errors of law or fact."); *Hadfield v. Gilchrist*, 343 S.C. 88, 94, 538 S.E.2d 268, 271 (Ct. App. 2000) ("Unless we find an error of law, we will affirm the [circuit court]'s holding if there are any facts supporting [the court's] decision."); *Anderson v. Aetna Cas. & Sur. Co.*, 175 S.C. 254, 283, 178 S.E. 819, 830 (1934) ("A jury's verdict should be upheld when possible to do so and to carry into effect what was clearly [the] jury's intentions."); *id.* at 283–84, 178 S.E. at 830 ("But when the verdict is so confused that it is not absolutely clear what was intended, the court should order a new trial."); *Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 49, 691 S.E.2d 135, 149 (2010) ("Verdicts which are irreconcilably inconsistent should not stand, and a new trial should be granted, because the parties and the judge 'should not be required to guess as to what a jury sought to render.'" (quoting *Prego v. Hobart*, 287 S.C. 116, 118, 336 S.E.2d 725, 726 (Ct. App. 1985))); *Stevens v. Allen*, 342 S.C. 47, 53, 536 S.E.2d 663, 666 (2000) ("A verdict assessing liability against the defendant but awarding the plaintiff zero damages is inconsistent and contrary to South Carolina law.").

**AFFIRMED.**[2]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.