21506

Doris HOWARD and James Howard, Appellants-Respondents, v. HOLIDAY INNS, INC., Respondent-Appellant.

(280 S. E. (2d) 204)

*James J. Raman,* Spartanburg, *for appellants-respondents.*

*Carlisle Bean* and *Joseph E. Hines, Jr.,* of Bean, Hines, Bean & Colvin, Spartanburg, *for respondent-appellant.*

July 6, 1981.

LEWIS, Chief Justice.

This is an action seeking damages for conversion of an automobile. We have previously reviewed this case, 271 S. C. 238, 246 S. E. (2d) 880, and affirmed a default judgment as to liability against the defendant Holiday Inns, Inc., but remanded for an inquiry into the amount of unliquidated damages, with limited participation by defendant in the determination of that issue.

On remand the case was tried before a jury and resulted in a verdict in favor of plaintiffs in the amount of ten thousand ($10,000.00) dollars. Subsequently, the trial judge, on motion of the defendant to reduce the verdict to three thousand ($3,000.00) dollars, plus interest, instead, reduced the verdict to six thousand ($6,000.00) dollars, without granting a new trial *nisi.* The issues to be decided arise under cross-appeals by the parties from the verdict and the post-trial order of the trial judge: plaintiffs object to the failure of the jury to award punitive damages and to the court's reduction of the verdict without opportunity for a new trial *nisi;* defendant contends that the trial court should have reduced the verdict to the sum of three thousand ($3,000.00) dollars, plus interest, in order to conform the amount of the verdict to the proof.

It is undisputed that the award of the jury for ten thousand ($10,000.00) dollars included only actual damages. The contention of the plaintiffs that reversi-

ble error was committed by the failure of the jury to award punitive damages is without merit. The court instructed the jury relative to the basis for punitive damages and included the instruction that the "punitive damage question is solely a matter for your judgment." The issue of punitive damages was thus submitted to the jury, and no objections were interposed to the instructions of the court thereabout. Since no timely objections were made to the manner of submission of this issue to the jury, the rejection of the claim for punitive damages is binding on the plaintiffs.

The remaining issues arise under the parties' respective contentions relative to the trial judge's action in reducing the amount of the verdict. Defendant takes the position that the only proof of damages for the conversion of the automobile was that its highest value was three thousand ($3,000.00) dollars, to which interest should be added.

The foregoing argument of defendant overlooks the fact, as conceded in the Statement, that plaintiffs lost the use of their automobile for 1,397 days; and that the trial judge, without objection, instructed the jury that, in addition to the highest fair market value of the converted property between the date of conversion and the time of trial, plus interest, "the owners (plaintiffs) would be entitled to reasonable loss of use of the property."

Since the jury was permitted, without objection, to include loss of use of the vehicle as an element of damage, the trial judge properly refused to reduce the verdict to an amount which would exclude this item.

No motion was made to reduce the verdict of the jury for excessiveness, except upon the basis, as contended by defendant, that there was no proof to sustain a verdict in any amount above three thousand ($3,000.00) dollars (the value of the car), plus interest.

While the order of the trial judge stated no reason for the reduction in the amount of the verdict, we must assume that

it was because he considered the amount excessive or unduly liberal. In reducing the amount of the verdict, however, the trial judge entered an absolute judgment, substituting his estimate of the amount of the damages for that of the jury, without granting a new trial *nisi*.

While the trial judge has the discretion to reduce an excessive or unduly liberal verdict (58 Am. Jur. (2d), New Trial, Section 11; 66 C. J. S. New Trial § 115; Section 15-27-150, 1976 Code of Laws; *Fallon v. Rucks*, 217 S. C. 180, 60 S. E. (2d) 88), it is well settled in this State that an unduly liberal verdict may not be reduced without allowing the plaintiff the option of a new trial *nisi*. *Anderson v. Aetna Casualty and Surety Co.*, 175 S. C. 254, 178 S. E, 819; *Hatchell v. McCracken*, 243 S. C. 45, 132 S. E. (2d) 7.

The order of the lower court is accordingly modified so that plaintiffs are entitled to a new trial, unless they shall, within ten (10) days from the filing of the remittitur in the Court of Common Pleas for Spartanburg County, serve notice in writing upon the defendant, or his attorney of record, of their election to accept the verdict as reduced by the trial judge and to abide by the judgment entered thereon. Upon service of such notice by plaintiffs and the filing thereof in the office of the Clerk of Court of Common Pleas, it is adjudged that the judgment of the circuit court be affirmed. If plaintiffs' election to abide by the verdict as reduced shall not be so declared, the judgment of the circuit court is reversed, and a new trial granted as to actual damages only. See: *Gwathmey v. Foor Hotel Co.*, 121 S. C. 237, 113 S. E. 688.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.