1447

John W. BOOZER, Appellant v. Ruth BOOZER, Respondent.
(387 S. E. (2d) 674)

Court of Appeals

*Gene Stockholm*, West Columbia, *for appellant.*

*William H. Bowman, III*, Columbia, *for respondent.*

Heard April 13, 1988.

Decided May 10, 1988.

*Per Curiam:*

Appellant John W. Boozer sued his wife, respondent Ruth Boozer, for personal injuries allegedly suffered in an auto-

mobile accident. Mr. Boozer testified that his injuries resulted in medical bills totaling in excess of $2,000. The jury returned a verdict against Mrs. Boozer in the amount of $748.29. Mr. Boozer moved for a new trial or, in the alternative, a new trial *nisi additur* on the ground that the verdict was contrary to the evidence. The trial judge denied his motions. We affirm.

The single issue presented on appeal is whether the trial judge erred "in refusing to grant an *additur* to the jury verdict or in the alternative allowing Plaintiff a new trial." The only other issue raised by exception is not argued. *See South Carolina Dep't of Social Servs. v. The Father and Mother*, 294 S. C. 518, 366 S. E. (2d) 40, 43 n. 23 (Ct. App. 1988) ("Exceptions not argued are deemed abandoned.")

The denial of a motion for a new trial absolute or a new trial *nisi* for excessiveness of verdict is a matter within the sound discretion of the trial judge. *Peay v. Ross*, 292 S. C. 535, 357 S. E. (2d) 482 (Ct. App. 1987). We have no power to review his ruling unless it rests on a basis of fact wholly unsupported by the evidence or is controlled by an error of law. *Id.* Motions for a new trial based on inadequacy of verdict are governed by the same principles as govern motions for a new trial based on excessiveness of verdict. *Toole v. Toole*, 260 S. C. 235, 195 S. E. (2d) 389 (1973).

The trial judge denied the motions of Mr. Boozer on the basis that the jury could have determined "not all of his out-of-pocket expenditures were due to and a proximate result of this particular accident."

None of the medical bills testified to by Mr. Boozer appear in the record, and it is impossible to determine from the record what portion of the total medical bills the jury disallowed. It is clear, however, that the bulk of the total bills were for treatment of a dental problem known as "temporal mandibular joint dysfunction." Mr. Boozer testified that he had been treated for the same problem before the accident occurred.

Mr. Boozer also testified that he had been involved in a prior accident and that he had been treated by the same dentist who treated him after the accident which gave rise to this suit. He further testified that the dentist advised him to have certain missing teeth replaced and that a relapse

from the injury received in the prior accident could not be guaranteed against unless they were replaced.

The dentist generally confirmed the testimony of Mr. Boozer as to his previous advice and further testified that he continued to advise Mr. Boozer to have the missing teeth replaced. (He was specifically asked: "And that's still your feeling, isn't it, doctor, that he would likely relapse?" To which he answered: "Well, you never know when though. It could be 20 years. It could be 2 years.")

Based on this evidence, the jury could have determined that a portion of the medical bills testified to by Mr. Boozer were not the result of the accident which gave rise to this suit.

For these reasons, the order of the trial court denying the motions of Mr. Boozer is

Affirmed.