23800

*Daniel L. O'NEAL, Appellant v. Robert H. BOWLES, M.D., Respondent.

(431 S.E. (2d) 555)

Supreme Court

---

* This opinion previously appeared in 310 S.C. 483 which was withdrawn.

*Geoffrey H. Waggoner*, Charleston, *for appellant.*

*Robert H. Hood* and *Mark V. Evans*, of the *Hood Law Firm*, Charleston, *for respondent.*

Heard Jan. 5, 1993.

Refiled May 17, 1993.

MOORE, Justice:

We hereby withdraw the opinion in *O'Neal v. Bowles*, Op. No. 23800, (S.C. Sup. Ct. filed February 16, 1993) (Davis Adv. Sh. No. 4 at 10), and substitute the following opinion.

This is an appeal from the trial court's denial of a motion for a new trial *nisi additur*. We affirm.

## FACTS

Appellant Daniel L. O'Neal (O'Neal) fractured his leg in a motorcycle accident in March 1987. Respondent Dr. Robert H. Bowles (Dr. Bowles) operated on O'Neal's leg to repair the injury. During the operation, the peroneal nerve was severed by Dr. Bowles. In June 1987, Dr. Bowles operated a second time to repair the nerve. O'Neal brought this action against Dr. Bowles seeking compensatory damages for medical expenses, lost and diminished wages, and other losses as a result of the severed nerve injury. The jury returned a verdict for O'Neal for $12,500 in actual damages. O'Neal made a motion for a new trial *nisi additur* which the trial court denied. O'Neal appeals the denial of this motion.

## ISSUE

The sole issue is whether the trial court erred in denying O'Neal's motion for a new trial *nisi additur*.

## DISCUSSION

Because we have found inconsistent case law on this issue, we take this opportunity to set forth the correct standard of review for an appeal of a motion for new

trial *nisi*. The trial judge *alone* has the power to grant a new trial *nisi* when he finds the amount of the verdict to be merely inadequate or excessive. *Easler v. Hejaz Temple*, 285 S.C. 348, 329 S.E. (2d) 753 (1985). The denial of a motion for a new trial *nisi* is within the trial judge's discretion and will not be reversed on appeal absent an abuse of discretion. *Id.*

If the amount of the verdict is *grossly* inadequate or excessive so as to be the result of passion, caprice, prejudice, or some other influence outside the evidence, the trial judge must grant a new trial absolute. The failure of the trial judge to grant a new trial absolute in this situation amounts to an abuse of discretion and on appeal this Court will grant a new trial absolute. *Mickle v. Blackmon*, 252 S.C. 202, 166 S.E. (2d) 173 (1969); *Zorn v. Crawford*, 252 S.C. 127, 165 S.E. (2d) 640 (1969). Therefore, on appeal of the denial of a motion for a new trial *nisi*, this Court will reverse when the verdict is grossly inadequate or excessive requiring the granting of a new trial absolute.

To the extent the following cases are inconsistent with this opinion, they are overruled: *Reid v. Harbison Dev. Corp.*, 289 S.C. 319, 345 S.E. (2d) 492 (1986); *Howard v. Holiday Inns, Inc.*, 276 S.C. 502, 280 S.E. (2d) 204 (1981); *Hutson v. Continental Assurance Co.*, 269 S.C. 322, 237 S.E. (2d) 375 (1977); *Williams v. Robertson Gilchrist Constr. Co.*, 301 S.C. 153, 390 S.E. (2d) 483 (Ct. App. 1990); *Simmons v. Williamson*, 300 S.C. 323, 387 S.E. (2d) 698 (Ct. App. 1989); *Bocook Outdoor Media, Inc. v. Summey Outdoor Advertising, Inc.*, 294 S.C. 169, 363 S.E. (2d) 390 (Ct. App. 1987); *Jones v. Ingles Supermarkets, Inc.*, 293 S.C. 490, 361 S.E. (2d) 775 (Ct. App. 1987); *Haskins v. Fairfield Elec. Coop.*, 283 S.C. 229, 321 S.E. (2d) 185 (Ct. App. 1984).

Dr. Bowles does not dispute that he severed O'Neal's peroneal nerve during the surgery requiring a second surgery to repair the nerve. The dispute is over the amount of damages.

At the time of the accident, O'Neal was a lieutenant with the Sullivan's Island Police Department. By July 7, 1987, O'Neal had used all of his vacation and sick leave and, not being able to return to work, he lost his job. In April 1989, O'Neal was rehired for the only position open, a patrolman first class, which is a lower rank and pay grade.

O'Neal sought medical expenses of $9,087.46, lost wages of $25,166.00 beginning in July 1987, diminished wages of $9,579.00, and damages for a 10% permanent impairment of his leg.

O'Neal testified that Dr. Bowles told him that after the surgery he should be able to return to work without limitations within six to eight weeks. Dr. Bowles testified he told O'Neal he could return to work without limitations within six to eight months. Two experts testified at trial that a fracture like O'Neal's could take four to six months to heal.

Furthermore, there was conflicting testimony on the issue of the permanent impairment of O'Neal's leg. Dr. Forste testified that the 10% impairment claimed by O'Neal was caused by the severed nerve. However, another expert testified that any impairment was caused by arthritis from the fracture and not the injury to the nerve.

This case is similar to *Boozer v. Boozer*, 300 S.C. 282, 387 S.E. (2d) 674 (Ct. App. 1988), where the Court of Appeals affirmed the denial of a new trial. In *Boozer*, the court stated the plaintiff had pre-existing dental problems and, based on the evidence, the jury could have determined that a portion of the bills were not the result of the accident. The jury in this case could have determined that O'Neal would have lost his job because of the time necessary to heal the fracture and any lost or diminished wages would not have been caused by Dr. Bowles' actions. Furthermore, the jury could have determined that any impairment was the result of the fracture and not the severed nerve. A $12,500 verdict is not grossly inadequate considering the evidence before the jury. Accordingly, the denial of O'Neal's motion for a new trial *nisi additur* is not an abuse of discretion.

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.