THE STATE OF SOUTH 
 CAROLINA
 In The Court of 
 Appeals
 
 
 
 
 Joe Louis Miller, Sr., Individually and as Legal Guardian 
 of Joe Louis Miller, Jr., and Sophia Miller, both Minors,       
 Appellant,
 
 
 
 
 v.
 
 
 
 
 Sherah L. Stark,       
 Respondent.
 
 
 
 
 
 Appeal From York County
 Lee S. Alford, Circuit 
 Court Judge
 
 Unpublished Opinion 
 No. 2004-UP-052
 Submitted November 
 19, 2003  Filed January 22, 2004
 
 AFFIRMED
 
 
 
 
 
 R. Thayer Rivers, Jr., of Ridgeland, for Appellants. 
 Ronnie Fred Craig, of Charlotte, for Respondent.
 
 
 
 
 PER CURIAM:  Joe Louis 
 Miller, Sr., individually and as legal guardian of Joe Miller, Jr. and Sophia 
 Miller, both minors, appeals the trial courts denial of his motion for a 
 new trial absolute and challenges the sufficiency of the additur award.  We 
 affirm. [1] 
 FACTS
 Miller brought a personal 
 injury action against Sherah Stark following a minor traffic accident.  The 
 case was tried to a jury and verdicts were returned in favor of Miller and 
 his two children in the amounts of $316, $202 and $202, respectively.  Miller 
 moved post-trial for a new trial nisi additur or, in the alternative, for 
 a new trial absolute. The judge denied his motion for a new trial, but granted 
 an additur of $35 to Miller and both of his two children.  Miller appeals 
 the courts denial of his motion for a new trial absolute and challenges the 
 sufficiency of the additur award.  
 Stark testified she was a few 
 cars back from the traffic signal behind Millers Cadillac when the light 
 turned green.  She let her foot off the brake without accelerating and looked 
 over her shoulder to check on a crying child when she rolled into the Cadillac.  
 After the accident, Miller got out of the car, checked his rear bumper and 
 walked to a nearby service station to telephone the police.  Stark testified 
 Millers children continued to play and behave normally in the back seat of 
 his vehicle.  
 EMS responded but no 
 one was taken to the hospital and Miller later drove his vehicle from the 
 scene.  Afterward, Miller and his children visited the emergency room.  Millers 
 head was examined and found to be atraumatic and normal.  Neither of the children 
 was given any medication.  
 In her answer, Stark answer admitted 
 that a collision occurred, but denied that Miller and his children sustained 
 injuries to the extent they alleged in the complaint.  At the trial, Stark 
 essentially admitted liability while continuing to question the damages as 
 claimed by Miller.  
 LAW/ANALYSIS
 Miller argues the trial 
 court erred by failing to grant a new trial absolute based on inadequacy of 
 the verdict.  We disagree.
 The amount of the verdict 
 is not so shockingly disproportionate to the injuries Miller or his children 
 sustained as to indicate passion, caprice, prejudice, or some other influence 
 outside the evidence motivated the jurys decision.  O'Neal v. Bowles, 
 314 S.C. 525, 431 S.E.2d 555, 556 (1993). 
 Testimony revealed neither 
 Miller nor his children suffered any serious injury.  Indeed, Millers children 
 continued to play undisturbed in the rear seat of his car immediately after 
 the accident.  Although EMS was called to the scene, no one was taken to the 
 hospital.  Millers later trip to the emergency room revealed he suffered 
 no head injury and the children required no medication.  The jury awarded 
 damages to cover the cost of the initial emergency room visit and included 
 the EMS trip in Millers verdict.  The jury simply concluded that Miller did 
 not deserve costs for later medical treatments and awarded damages accordingly.  
 As Miller noted in his brief, the range of damages could have been from zero 
 to the sky.  See Gamble v. Stevenson, 305 S.C. 104, 
 406 S.E.2d 350 (1991) (citing Fennell v. Littlejohn, 240 S.C. 189, 
 125 S.E.2d 408 (1962)) (The award of actual and punitive damages remains within 
 the discretion of the jury, as reviewed by the trial judge.)  
 Miller also challenges 
 the sufficiency of the trial courts additur award, arguing the trial court 
 abused its discretion by speculating as to the methodology of the jury verdict.  
 We disagree.
 A motion for a new trial nisi 
 additur is addressed to the sound discretion of the trial judge.  Graham 
 v. Whitaker, 282 S.C. 393, 321 S.E.2d 40 (1984).  We find no abuse of 
 discretion by the trial judge in determining an additional award of $35 for 
 Miller and the children.  It is clear to us that the trial judge carefully 
 considered Millers motion.  After all, he granted the amounts of the EMS 
 transport fees as part and parcel of costs directly arising out of the events 
 of the accident but, consistent with the jurys reasoning, declined to extend 
 additur to cover later medical bills.  
 AFFIRMED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.