THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Donnie Hildreth,       
Respondent,
 
 
 

v.

 
 
 
County of Kershaw,       
Appellant.
 
 
 

Appeal From Kershaw County
Rodney A. Peeples, Circuit Court Judge

Unpublished Opinion No. 2005-UP-134
Submitted December 1, 2004  Filed February 
 22, 2005

AFFIRMED

 
 
 
Andrew F. Lindemann, David L. Morrison, of Columbia, for Appellant.
J. Charles Ormond, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  Donnie Hildreth brought 
 an inverse condemnation action against the County of Kershaw alleging its excavation 
 of a trench near his property proximately caused damage to his property and 
 residence.  A jury trial was held and the jury returned a verdict in the amount 
 of $125,000 in favor of Hildreth.  The County appeals.  We affirm.1
FACTS
In the fall of 1998, the 
 County excavated a trench to install a sewer line across the road from Hildreths 
 property.  Hildreth alleged after the County dug the trench, his property began 
 to settle.  The settling caused extensive damage to his house.  
Hildreth brought an inverse condemnation action 
 against the County claiming the trench proximately caused damage to his property 
 and his residence.  The case was tried before a jury.  During the trial, Hildreth 
 presented the expert testimony of Burton Wells, a civil engineer, who testified 
 that within a reasonable degree of engineering certainty and based on the data 
 he collected, the digging of the trench caused a change in the water regime, 
 which resulted in the settlement of Hildreths property.  The County made a 
 motion to strike this testimony due to lack of evidentiary support for Wells 
 opinion.  The trial court denied this motion.  
At the close of Hildreths case and at the close 
 of all of the evidence, the County moved for a directed verdict based on Hildreths 
 failure to prove the trench proximately caused the alleged damage to his property.  
 The trial court denied these motions.  The case was presented to the jury, which 
 returned a verdict for Hildreth in the amount of $125,000.  The County made 
 a motion for judgment notwithstanding the verdict, new trial nisi, and new trial 
 absolute.  The trial court denied these motions.  This appeal followed.  
LAW/ANALYSIS
I.  Motion to Strike
The County argues the trial court erred 
 in denying its motion to strike Wells testimony.  The County alleges because 
 Wells could not opine as to whether a perched water table existed, his opinion 
 was based on conjecture, speculation, and supposition.  Therefore, the County 
 asserts his opinion lacked a sufficient basis and was improperly admitted by 
 the trial court.  We disagree.
The admissibility of evidence is within the discretion 
 of the trial court and will not be reversed on appeal absent a showing of abuse 
 of discretion.  Elledge v. Richland/Lexington Sch. Dist. Five,
352 S.C. 179, 185, 573 S.E.2d 789, 792 (2002).  Rule 703, SCRE, provides: 

The facts or data in the particular case upon which an expert bases an opinion 
 or inference may be those perceived by or made known to the expert at or before 
 the hearing.  If of a type reasonably relied upon by experts in the particular 
 field in forming opinions or inferences upon the subject, the facts or data 
 need not be admissible in evidence.

 Where the experts testimony is based upon facts sufficient to form the basis 
 for an opinion, the trier of fact determines its probative value.  Berkeley 
 Elec. Coop., Inc. v. South Carolina Pub. Serv. Commn, 304 S.C. 15, 20, 402 S.E.2d 674, 677 (1991).  
We find the trial court did not abuse its discretion 
 in allowing Wells testimony.  The County did not object to Wells qualifications 
 as an expert on civil engineering.  The County only argues Wells did not have 
 a sufficient basis to render his opinion as to the cause of the subsidence.  
 We find the record does establish a sufficient basis forWells opinion.  
Wells testified he visited Hildreths property several 
 times, made soil borings, and considered the type of soil according to the Kershaw 
 County Soil Report.  He reviewed and considered a report generated by another 
 engineer who examined the property.  He personally inspected the manhole associated 
 with the trench and saw it contained water and was rusted and stained, indicating 
 the water flowed from the inside of the manhole to the outside.  As a result 
 of his observations, Wells asked Hildreth to construct wells on his property 
 in order to determine the flow of water after significant rain.  Wells also 
 instructed Hildreth to report the water level in the wells to him, and based 
 on these reports, he determined the trench had a connection to the subsidence.  
 Wells also determined the soil around the trench was not compacted as evidenced 
 by the fact it had settled by at least a foot.  Based on these facts, he determined 
 the ground water took the path of least resistance and was most probably intercepted 
 by the drain.  
In addition, Wells considered the timing of when 
 the County excavated the trench and when the subsidence began, and that no previous 
 incidences of subsidence occurred.  He noted as time progressed, the subsidence 
 did not worsen, indicating the soil compacted naturally, and the movement of 
 water stabilized.  Wells also ruled out other possible causes for the subsidence, 
 including a problem with Hildreths pool, his septic drain field, drought or 
 other weather conditions, or old tree stumps.  Therefore, we find this evidence 
 established a proper basis for Wells opinion that to a reasonable degree of 
 engineering certainty, the most probable cause of the soil subsidence was the 
 digging of the trench, which provided a more efficient outlet for subsurface 
 water.  Accordingly, the trial judge did not abuse his discretion in denying 
 the Countys motion to strike Wells testimony.  
II.  Directed Verdict and JNOV
The County argues the 
 trial court erred in denying its motions for directed verdict and JNOV.  The 
 County asserts Hildreth failed to present evidence that his damages were proximately 
 caused by the excavation of the trench.  We disagree. 
In considering a directed verdict or a JNOV motion, 
 the appellate court, like the trial court, is required to view the evidence 
 and the inferences that can be drawn therefrom in the light most favorable to 
 the nonmoving party.  Sabb v. South Carolina State Univ., 350 S.C. 416, 
 427, 567 S.E.2d 231, 236 (2002).  The motions must be denied when the evidence 
 yields more than one inference or its inference is in doubt.  Id.  Neither 
 the trial court nor the appellate court has authority to decide credibility 
 issues or to resolve conflicts in the testimony or evidence.  Harvey v. Strickland, 
 350 S.C. 303, 308, 566 S.E.2d 529, 532 (2002).
We find evidence does exist to support the trial courts 
 ruling.  Although Wells could not identify the exact mechanism, he determined 
 the trench provided a more efficient outlet for the ground water, and therefore, 
 it changed the water regime and caused the subsidence in the property.  This 
 testimony provides a basis upon which the jury could determine the trench proximately 
 caused Hildreths property to subside.  
In addition to Wells testimony, Hildreth also provided 
 other evidence that the trench caused the damage to his property.  Hildreth 
 testified he did not notice any problems with his property until after the excavation 
 of the trench.  Hildreths ex-wife, in her testimony, confirmed Hildreths observation 
 that the problems did not begin until after the excavation of the trench.  Hildreth 
 also introduced photographs during his testimony depicting his property before 
 and after the excavation of the trench and the subsidence of the earth surrounding 
 the manhole associated with the trench.  Therefore, we find evidence does exist 
 to support the jurys determination and accordingly, the trial court properly 
 denied the Countys motions for directed verdict and JNOV. 
III.  Motion for New Trial Absolute 
The County argues the trial judge erred 
 in denying its motion for new trial absolute.  We disagree.  
The trial court alone has the power to 
 grant a new trial nisi when it finds the amount of the verdict to be 
 merely inadequate or excessive.  ONeal v. Bowles, 314 S.C. 525, 526, 
 431 S.E.2d 555, 557 (1993). The denial of a motion for a new trial nisi 
 is within the trial courts discretion and will not be reversed on appeal absent 
 an abuse of discretion.  Id.  On appeal of the denial of a motion for 
 a new trial nisi, this court will reverse only when the verdict is grossly 
 inadequate or excessive requiring the granting of a new trial absolute.  Id.  

The trial courts decision to deny a motion for 
 new trial absolute is within its discretion and will not be reversed absent 
 an abuse of discretion.  Cock-N-Bull Steak House, Inc. v. Generali Ins. Co., 
 321 S.C. 1, 9, 466 S.E.2d 727, 731 (1996).  When deciding a motion to grant 
 a new trial, the court must look at the testimony and inferences raised in favor 
 of the nonmoving party.  Welch v. Epstein, 342 S.C. 279, 302-03, 536 
 S.E.2d 408, 420 (Ct. App. 2000).  The trial court must set aside a verdict 
 only when it is shockingly disproportionate to the injuries suffered and thus 
 indicates that passion, caprice, prejudice, or other considerations not reflected 
 by the evidence affected the amount awarded.  Id. at 302, 536 S.E.2d 
 at 420.  A jurys determination of damages is entitled to substantial deference 
 by this court.  Knoke v. S.C. Dept. of Parks, Recreation & Tourism, 
 324 S.C. 136, 141, 478 S.E.2d 256, 258 (1996).
 Viewing the testimony in the light most 
 favorable to Hildreth, we find the verdict returned by the jury within the scope 
 of the evidence.  The measure of damages in an inverse condemnation action is 
 the diminution in the market value of the property.2  Ravan v. Greenville County, 315 S.C. 447, 
 465, 434 S.E.2d 296, 307 (Ct. App. 1993).  In response to a question regarding 
 the value of his home and property without the damage, Hildreth stated:  I 
 probably figure maybe $180,000.  When questioned about its value with the damage, 
 he stated:  With the damage and the repair and everything, probably $100,000 
 or less.  From this testimony, the jury could infer the current value is actually 
 less than $100,000 and, therefore, the diminution in value was greater than 
 $80,000.  Hildreth also testified he previously spent two to three thousand 
 dollars on repairs.  The jury may have considered this amount in increasing 
 the diminution in value amount.  Hildreth also presented the testimony of his 
 contractor, V.C. Rabon, who estimated the cost to repair the house at $74,000.  
 However, the costs to repair were not limited solely to Rabons $74,000 estimate.  
 Specifically, Rabon noted on cross-examination by the Countys attorney that 
 he did not include the cost to correct any problems with the footings under 
 the house.  Furthermore, Hildreth presented evidence that not only was his house 
 damaged, but his yard was also damaged by the subsidence, with large indentions 
 in the yard and buckles and cracks in his cement walkway and cracks in the patio.  
 Thus the repairs by Rabon would not alleviate the diminution in value to the 
 property itself.  Considering the record as a whole we do not find the jurys 
 verdict of $125,000 shockingly disproportionate to the injuries suffered and 
 thus indicat[ing] that passion, caprice, prejudice, or other considerations 
 not reflected by the evidence affected the amount awarded.  Thus, under our 
 limited standard of review, we are constrained to hold the trial court did not 
 abuse its discretion in denying the Countys motion for a new trial absolute.  

 AFFIRMED.  
HUFF, KITTREDGE, and BEATTY, JJ. concur.  
 

 
 1 We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 2 
 This court has also recognized prejudgment interest as recoverable in an inverse 
 condemnation action.  Vick v. South Carolina Dept of Transp.,
 347 S.C. 470, 481, 556 S.E.2d 693, 699 (Ct. App. 2001).  However, 
 as the jury was not charged that it could award such interest as damages, 
 we will not consider prejudgment interest in determining whether the trial 
 court erred in denying the Countys motion for a new trial absolute.