638 S.E.2d 667

**Russell JAMES and Teresa James, Respondents,**

v.

**HORACE MANN INSURANCE COMPANY, James D. Geiger, and Ronald Wilson, Defendants,**

**of whom Horace Mann Insurance Company is Appellant.**

**No. 26231.**

Supreme Court of South Carolina.

Heard Nov. 1, 2006.

Decided Nov. 27, 2006.

189

Lawrence B. Orr, of Orr, Elmore & Ervin, LLC, of Florence, for Appellant.

Kevin M. Barth, of Ballenger, Barth & Hoefer, of Florence, for Respondents.

Justice BURNETT:

In this action, a jury found Horace Mann Insurance Company (Appellant) liable for bad faith related to the handling of an insurance claim and awarded actual and punitive damages to Russell and Teresa James (Respondents). Appellant appeals the trial court's denial of its motion for judgment notwithstanding the verdict (JNOV), new trial, or new trial nisi remittitur as to punitive damages. Appellant also appeals the trial court's admission of evidence regarding Respondents' lost wages and attorneys' fees. We certified the case for review from the Court of Appeals pursuant to Rule 204(b), SCACR, and we affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In the early 1980s, Respondents purchased a homeowner's insurance policy from Appellant through its agent, Ronald Wilson. In 2000, Appellant sent a renewal notice to Respondents which included a new endorsement for liability coverage for animal bites. The endorsement provided coverage for liability arising out of animal bites, with several exclusions, and limited the coverage to $25,000 per occurrence. Respondents renewed their homeowner's insurance policy, including the animal bite liability coverage, in 2000, 2001, and 2002.

On August 2, 2002, James D. Geiger was bitten by Respondents' dog and was hospitalized due to injuries arising out of the bite. Respondents subsequently submitted a claim to Appellant under their homeowner's insurance policy to cover Geiger's damages. Appellant assigned the matter to a claims adjuster, Bruce Garner (Adjuster). On August 16, 2002, Adjuster contacted Geiger and told Geiger that there was a medical payments coverage, which was immediately payable. Adjuster also told Geiger that Respondents had liability coverage for animal bites up to $25,000, but denied Geiger could collect under that coverage without further proof.

Geiger hired an attorney and sued Respondents for damages arising out of the dog bite. Settlement negotiations failed and the case went to trial. South Carolina Code Ann. § 47-3-110 (1987) imposes strict liability on a dog owner for damages arising out of a dog bite when the victim is lawfully on the owner's property, except when the victim provokes the dog. A jury returned a verdict against Respondents and awarded Geiger $50,500 in damages. Appellant paid $25,000 of the judgment and Respondents paid the remaining $25,500.

Respondents filed this action against Appellant and Wilson[1] alleging seven causes of action including, *inter alia*, a declaratory judgment to determine the liability coverage under their homeowner's insurance policy for injuries arising out of a dog bite, breach of contract, negligence, and bad faith. At trial, Respondents testified when they submitted Geiger's claim to Appellant, they believed the applicable coverage under their homeowner's insurance policy was the general personal liability coverage. Respondents testified that prior to submitting Geiger's claim they were unaware their homeowner's insurance policy included a specific coverage for liability arising out of animal bites. Respondents also testified Wilson never advised them of this liability coverage for animal bites.

Geiger testified Adjuster told him that under Respondents' homeowner insurance policy, Geiger must prove negligence to recover any amount beyond the medical payments coverage. Geiger also testified he would have accepted a settlement offer prior to hiring an attorney and he would not have hired an attorney if Adjuster had told him the correct law and agreed to cover his medical bills and lost wages. Geiger's attorney and Respondent Russell James also testified Adjuster took the position that Geiger must prove negligence before he could recover from Respondents. Adjuster testified Geiger had to prove he did not provoke the dog to recover damages from Respondents.

Respondent Russell James testified he believed Adjuster, and thus Appellant, had mishandled the insurance claim by refusing to pay Geiger's medical bills and lost wages without proof of Respondents' negligence. He further testified he felt

---

1. Although Geiger was originally named a party to this action, he was dismissed after his judgment against Respondents was satisfied.

Appellant had mishandled the claim by encouraging Geiger to sue Respondents.

This action was submitted to a jury on the following causes of action: negligence on the part of Wilson for failing to advise Respondents of the animal bite liability coverage and bad faith on the part of Appellant in handling the claim. The jury found Wilson was not liable to Respondents. The jury also found Appellant was liable for bad faith and awarded $146,600 actual damages and $1,000,000 punitive damages to Respondents.

## *ISSUE*

Did the trial court err in finding the punitive damages award did not violate the Due Process Clause of the Fourteenth Amendment?

## *STANDARD OF REVIEW*

■■■■■ A motion for new trial nisi remittitur asks the trial court to reduce the verdict because the verdict is merely excessive. *See O'Neal v. Bowles,* 314 S.C. 525, 527, 431 S.E.2d 555, 556 (1993). The denial of a motion for a new trial nisi is within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion. *Id.* If the amount of the verdict is grossly inadequate or excessive so as to be the result of passion, caprice, prejudice, or some other influence outside the evidence, the trial court must grant a new trial absolute. *Id.*

## *LAW/ANALYSIS*

Appellant argues the trial court erred in denying its motion for a new trial nisi remittitur as to punitive damages. Appellant contends the trial court did not conduct a proper post-verdict review of the punitive damages award as required by *Gamble v. Stevenson,* 305 S.C. 104, 406 S.E.2d 350 (1991), and *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). We disagree.

■■■ The practice of awarding punitive damages originated in principles of criminal law "to deter the wrongdoer and others from committing like offenses in the future." *Laird v.*

*Nationwide Ins. Co.*, 243 S.C. 388, 393, 134 S.E.2d 206, 210 (1964) (internal citation omitted). Because punitive damages are quasi-criminal in nature, the process of assessing punitive damages is subject to the protections of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Atkinson v. Orkin Exterminating Co.*, 361 S.C. 156, 164, 604 S.E.2d 385, 389 (2004); *see also Gore*, 517 U.S. at 568, 116 S.Ct. at 1595, 134 L.Ed.2d at 822 ("The Due Process Clause of the Fourteenth Amendment prohibits a State from imposing a grossly excessive punishment on a tortfeasor.") (internal quotations omitted).

In *Gamble*, this Court developed an eight factor post-verdict review that trial courts are required to conduct to determine if a punitive damages award comports with due process. The United States Supreme Court has also set forth three guideposts that trial courts must apply to an award of punitive damages to determine whether the award violates due process. *Gore*, 517 U.S. at 575, 116 S.Ct. at 1598–99, 134 L.Ed.2d at 826.

The trial court conducted a post-verdict review of the punitive damages award to determine whether the award violated due process. The trial court found Appellant's degree of culpability was significant based on evidence of Adjuster's false statement to Geiger regarding the applicable law for dog bite cases. The trial court also found Adjuster's conduct began the time the claim was assigned to him and continued throughout trial, and the court determined Appellant attempted to conceal Adjuster's wrongful behavior through the last day of trial. The trial court further found the punitive damages award was 6.82 times the amount of actual damages and determined this ratio was reasonable. Appellant stipulated it had the financial resources to satisfy a substantial judgment against it; therefore, the trial court found Appellant's ability to pay was not at issue. Based on this review, the trial court determined the punitive damages award of $1,000,000 was reasonable and was not the result of passion, prejudice, or improper influence. The trial court concluded there was no violation of due process.

A. *Gamble* Factors

The *Gamble* factors are: (1) defendant's degree of culpability; (2) duration of the conduct; (3) defendant's aware-

ness or concealment; (4) the existence of similar past conduct; (5) likelihood the award will deter the defendant or others from like conduct; (6) whether the award is reasonably related to the harm likely to result from such conduct; (7) defendant's ability to pay; and (8) other factors deemed appropriate. *Gamble*, 305 S.C. at 111–12, 406 S.E.2d at 354. The trial court is not required to make a finding of fact for each *Gamble* factor to uphold a punitive damages award. *McGee v. Bruce Hosp. Sys.*, 321 S.C. 340, 346, 468 S.E.2d 633, 637 (1996). Further, the amount of damages, actual or punitive, remains largely within the discretion of the jury, as reviewed by the trial court. *Gamble*, 305 S.C. at 112, 406 S.E.2d at 355.

██ The trial court properly conducted a post-verdict *Gamble* review. The evidence supports the trial court's finding that Appellant's misconduct was extremely culpable. Geiger, Geiger's attorney, and Respondent Russell James testified Adjuster misrepresented the applicable law to Geiger. There is also evidence to support the trial court's findings that Appellant continuously misrepresented the law and denied coverage under Respondent's insurance policy based on this misrepresentation from the time the claim was submitted until the end of trial. The punitive damages award comports with due process under *Gamble*.

B.  *Gore* Guideposts

██ Although we find the punitive damages award was reasonable under the *Gamble* factors, we must also review the trial court's ruling on punitive damages under *Gore*. A trial court shall review the constitutionality of a punitive damages award by determining whether the award was reasonable under the following guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual and potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. *Gore*, 517 U.S. at 575, 116 S.Ct. at 1598–99, 134 L.Ed.2d at 826; *see, e.g., Atkinson*, 361 S.C. at 166–71, 604 S.E.2d at 390–93 (applying guideposts). An appellate court reviews de novo the trial court's application of the guideposts. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418, 123 S.Ct. 1513, 1520,

155 L.Ed.2d 585, 601 (2003) (citing *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 431, 121 S.Ct. 1678, 1683, 149 L.Ed.2d 674, 683–84 (2001)).

### (1) Degree of Reprehensibility of Appellant's Misconduct

Appellant's conduct was extremely reprehensible. Adjuster, acting on behalf of Appellant, repeatedly falsely represented the applicable law from the time he was assigned the claim, through Geiger's action against Respondents, and through Respondents' action against Appellant. There is evidence in the record that Appellant denied the claim based on this false misrepresentation and that Geiger sued Respondents based on this misrepresentation.

### (2) Disparity Between Actual and Punitive Damages Award

In Campbell, the United States Supreme Court explained:

> [W]e have been reluctant to identify concrete constitutional limits on the ratio between harm, or potential harm, to the plaintiff and the punitive damages award. We decline again to impose a bright-line ratio which a punitive damages award cannot exceed. Our jurisprudence and the principles it has now established demonstrate, however, that, in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.

538 U.S. at 424–25, 123 S.Ct. at 1524, 155 L.Ed.2d at 605–06 (internal citations omitted). The *Campbell* Court also determined: "Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution. . . ." *Id.* at 425, 123 S.Ct. at 1524, 155 L.Ed.2d at 606. The punitive damages award in this case, which was 6.82 times the actual damages award, was reasonably related to the actual harm suffered. *See also Cock–N–Bull Steak House, Inc. v. Generali Ins. Co.*, 321 S.C. 1, 466 S.E.2d 727 (1996) (upholding punitive damages award that was approximately 28 times the actual damages award amount); *Collins Entertainment Corp. v. Coats & Coats Rental Amusement*, 355 S.C. 125, 584 S.E.2d 120 (Ct.App.2003) (affirming

punitive damages award that was 10 times the amount of the actual damages award).

Furthermore, although a substantial portion of the actual damages award was nonpecuniary, these damages compensated Respondents for their injuries and were awarded to make Respondents whole. *See Clark v. Cantrell,* 339 S.C. 369, 378, 529 S.E.2d 528, 533 (2000) ("The purpose of actual or compensatory damages is to compensate a party for injuries suffered or losses sustained. The goal is to restore the injured party, as nearly as possible through the payment of money, to the same position he or she was in before the wrongful injury occurred."). In comparison, the punitive damages award was a form of punishment and a deterrent to Appellant. *See id.* at 378, 529 S.E.2d at 533 ("The purposes of punitive damages are to punish the wrongdoer and deter the wrongdoer and others from engaging in similar reckless, willful, wanton, or malicious conduct in the future."). Under these facts and circumstances, we find no portion of the actual damages award was duplicated in the punitive damages award. *Compare Campbell,* 538 U.S. at 426, 123 S.Ct. at 1525, 155 L.Ed.2d at 606 (finding compensatory damages, which included a large amount for emotional distress that was caused by outrage and humiliation, were likely based on a component which was duplicated in the punitive damages award).

(3) Difference Between Civil Penalties and Punitive Damages Award

Pursuant to S.C.Code Ann. § 38–2–10 (2002), the director of the Department of Insurance may impose the following administrative penalties on an insurer for each violation of the insurance laws: (1) a fine not to exceed $15,000 if the conduct was not willful or a fine not to exceed $30,000 if the conduct was willful; (2) suspend or revoke the violator's authority to do business in the state; or (3) both. We find the statutory penalties are set at "such a low level, there is little basis for comparing it with any meaningful punitive damage award." *Collins,* 355 S.C. at 142, 584 S.E.2d at 129 (citing *BMW of N. Am., Inc. v. Gore,* 701 So.2d 507, 514 (Ala.1997)). The punitive damages award was reasonable; was not the result of passion, caprice, or prejudice; and does not violate due process under *Gore.*

## CONCLUSION

We affirm the denial of Appellant's motion for a new trial nisi remittitur. We also affirm Appellant's remaining issues pursuant to Rule 220(b)(1), SCACR, and the following authorities: Issue 1: *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 27–28, 602 S.E.2d 772, 782 (2004) (an appellate court will reverse the trial court's denial of a motion for JNOV only where there is no evidence to support the ruling below); and Issues 2 and 3: *Washington v. Whitaker*, 317 S.C. 108, 114, 451 S.E.2d 894, 898 (1994) (to preserve an issue regarding the admissibility of evidence for appellate review, a contemporaneous objection must be made); *McCreight v. MacDougall*, 248 S.C. 222, 226, 149 S.E.2d 621, 622 (1966) (failure to object when evidence is offered constitutes a waiver of the right to have the issue considered on appeal).

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.