**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Levern McCray, Respondent,

v.

Jose W. Valle, Appellant.

Appellate Case No. 2012-213050

———————————

Appeal From Berkeley County
Deadra L. Jefferson, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-313
Heard June 4, 2014 – Filed August 6, 2014

———————————

**AFFIRMED**

———————————

R. Hawthorne Barrett and Julian Kane Allen, both of
Turner Padget Graham & Laney, P.A., of Columbia and
Charleston, respectively, for Appellant.

Pamela R. Mullis, of Mullis Law Firm, P.A., of
Columbia, for Respondent.

———————————

**PER CURIAM:** In this automotive accident case, Jose Valle argues the circuit court erred in (1) charging the jury with language from section 56-5-2950(G) of the South Carolina Code (Supp. 2014) (the "Implied Consent Statute")[1]; (2) admitting the result of Valle's blood alcohol test; (3) allowing the investigating officer to testify; (4) failing to grant a new trial absolute, a new trial nisi remittitur, or a new trial pursuant to the thirteenth juror doctrine; and (5) failing to strike or reduce the punitive damages award. We affirm.

1.        We find Valle failed to preserve the argument that the Implied Consent Statute is inapplicable in a negligence case because he did not raise the issue to the circuit court. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("It is well settled that an issue may not be raised for the first time in a post-trial motion."); *id.* ("Further, it is a litigant's duty to bring to the court's attention any perceived error, and the failure to do so amounts to a waiver of the alleged error."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

2.        We find Valle's counsel admitted Valle was drunk at the time of the accident and this judicial admission removed the factual dispute of Valle's intoxication from the jury's consideration. Accordingly, the admissibility of the result of Valle's blood alcohol test is no longer at issue. *See United States v. Blood*, 806 F.2d 1218, 1221 (4th Cir. 1986) ("Generally, statements by an attorney concerning a matter within his employment may be admissible against the retaining client."); *id.* ("Further, a clear and unambiguous admission of fact made by a party's attorney in an opening statement in a civil or criminal case is binding upon the party."); *Black's Law Dictionary* 54 (10th ed. 2014) (defining a judicial admission as "[a] formal waiver of proof that relieves an opposing party from having to prove the admitted fact and bars the party who made the admission from disputing it"); *Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264-65 (4th Cir. 2004) ("Judicial admissions are not . . . limited to affirmative statements that a fact exists. They also include intentional and unambiguous waivers that release the opposing party

---

[1] The circuit court charged the language from the statute prior to its 2008 amendment; however, as it pertains to this case, the amendment only redesignated the subsections and altered language that is not in dispute.

from its burden to prove the facts necessary to establish the waived conclusion of law.").

3.      We find the circuit court did not err in allowing the investigating officer to give an opinion as to the facts of the accident because the officer's testimony did not require scientific, technical, or specialized knowledge and was derived from his observations at the scene of the accident.  *See* Rule 602, SCRE ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); Rule 701, SCRE ("If the witness is not testifying as an expert, the witness'[s] testimony in the form of opinions or inferences is limited to those opinions or inferences which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training."); *State v. Douglas*, 380 S.C. 499, 502, 671 S.E.2d 606, 608 (2009) ("Lay witnesses are permitted to offer testimony in the form of opinions or inferences if the opinions or inferences are rationally based on the witnesses' perception[s], and will aid the jury in understanding testimony, and do not require special knowledge.").

4.      We find the circuit court did not err in denying Valle's motions for a new trial absolute, a new trial nisi remittitur, or a new trial pursuant to the thirteenth juror doctrine.  The circuit court properly denied Valle's motion for a new trial because this court gives substantial deference to the jury's determination of damages, and evidence supports the damages award.  *See Clark v. S.C. Dep't of Pub. Safety*, 353 S.C. 291, 309-10, 578 S.E.2d 16, 25 (Ct. App. 2002), *aff'd*, 362 S.C. 377, 608 S.E.2d 573 (2005) ("The denial of a new trial motion is within the discretion of the [circuit] court and, absent an abuse of discretion, it will not be reversed on appeal."); *Harrison v. Bevilacqua*, 354 S.C. 129, 140, 580 S.E.2d 109, 115 (2003) ("The jury's determination of damages is entitled to substantial deference."); *Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 311, 594 S.E.2d 867, 873 (Ct. App. 2004) ("[The appellate court's] task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award.").  Additionally, we find the circuit court did not err in denying Valle's motion for a new trial nisi remittitur because the verdict was not excessive and no compelling reasons justified invading the jury's province.  *See James v. Horace Mann Ins. Co.*, 371 S.C. 187, 193, 638 S.E.2d 667, 670 (2006) ("A motion for new trial nisi remittitur asks the [circuit] court to reduce the verdict because the verdict is merely excessive."); *id.* ("The denial of a motion for a new trial nisi is within the [circuit] court's discretion and will not be reversed

on appeal absent an abuse of discretion."); *Proctor v. Dep't of Health & Envtl. Control*, 368 S.C. 279, 320, 628 S.E.2d 496, 518 (Ct. App. 2006) ("[C]ompelling reasons must be given to justify invading the jury's province by granting a new trial nisi remittitur."). Finally, we find the circuit court did not err in denying Valle's motion for a new trial absolute pursuant to the thirteenth juror doctrine because Valle was not entitled to a directed verdict at trial. *See Parker v. Evening Post Publ'g Co.*, 317 S.C. 236, 247, 452 S.E.2d 640, 646 (Ct. App. 1994) ("[T]o reverse the denial of a new trial motion under [the thirteenth juror] doctrine [a reviewing court] must, in essence, conclude that the moving party was entitled to a directed verdict at trial.").

5.     The circuit court did not err in failing to strike or reduce the punitive damages award because the damages are supported by evidence of reckless, willful, and wanton conduct and the punitive damages award is within the procedural and substantive constitutional limitations on such awards. First, we find the fact that Valle was driving while intoxicated supports the award of punitive damages because it is evidence of reckless, willful, and wanton conduct. *See* S.C. Code Ann. § 15-33-135 (Supp. 2013) ("In any civil action where punitive damages are claimed, the plaintiff has the burden of proving such damages by clear and convincing evidence."); *Duncan v. Ford Motor Co.*, 385 S.C. 119, 138, 682 S.E.2d 877, 886 (Ct. App. 2009) ("Clear and convincing evidence is: 'that degree of proof which will produce in the mind of the trier of facts a firm belief as to the allegations sought to be established.'" (quoting *Anderson v. Augusta Chronicle*, 355 S.C. 461, 473, 585 S.E.2d 506, 512 (Ct. App. 2003))); *id.* ("Under South Carolina law, punitive damages may be awarded to punish tortfeasors who have acted in a 'reckless, willful, or wanton' manner." (quoting *Taylor v. Medenica*, 324 S.C. 200, 221, 479 S.E.2d 35, 46 (1996))); *State v. Carrigan*, 284 S.C. 610, 614-15, 328 S.E.2d 119, 121 (Ct. App. 1985) ("Driving under the influence of intoxicants is evidence of driving in reckless disregard of the safety of others."). Next, we find the award of punitive damages award was constitutional because Valle's conduct was reprehensible; the ratio between the actual damages and punitive damages award was reasonable; and the punitive damages award is comparable to civil penalties in similar cases. *See Mitchell, Jr. v. Fortis Ins. Co.*, 385 S.C. 570, 584, 686 S.E.2d 176, 183 (2009) ("'[W]hile states possess discretion over the imposition of punitive damages, it is well established that there are procedural and substantive constitutional limitations on these awards.'" (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003))); *id.* at 585, 686 S.E.2d at 184 (holding the three factors for a court to consider in determining the constitutionality of a punitive damages award are "(1) the degree of

reprehensibility of the defendant's conduct; (2) the disparity between the actual and potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases").

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**