**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cecelia Jackson, Personal Representative of the Estate of William Peterson, Appellant,

v.

Edgefield Medical Clinic or Edgefield Medical Clinic, P.A., Respondent.

Appellate Case No. 2014-001031

--------

Appeal From Edgefield County
Doyet A. Early, III, Circuit Court Judge

--------

Unpublished Opinion No. 2016-UP-057
Heard January 6, 2016 – Filed February 10, 2016

--------

**AFFIRMED**

--------

James Stephen Welch, of McGowan Hood & Felder, LLC, of Anderson, and Jordan Christopher Calloway, of McGowan Hood & Felder, LLC, of Rock Hill, for Appellant.

James D. Nance, of Nance, McCants & Massey, of Aiken, and Andrew F. Lindemann, of Davidson & Lindemann, PA, of Columbia, for Respondent.

--------

**PER CURIAM:**  In this medical malpractice action, Cecelia Jackson, as personal representative of the estate of William Peterson, argues the trial court erred in (1) granting Edgefield Medical Clinic's (EMC's) motion for a directed verdict and (2) denying her motion for a new trial *nisi additur*.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in granting EMC's motion for a directed verdict on Jackson's claim for conscious pain and suffering:  *McMillan v. Oconee Mem'l Hosp., Inc.*, 367 S.C. 559, 564, 626 S.E.2d 884, 886 (2006) ("In ruling on motions for a directed verdict . . . , the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions."); *Parrish v. Allison*, 376 S.C. 308, 319, 656 S.E.2d 382, 388 (Ct. App. 2007) ("When considering directed verdict motions, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence."); *id.* ("The issue must be submitted to the jury whenever there is material evidence tending to establish the issue in the mind of a reasonable juror."); *Hinkle v. Nat'l Cas. Ins. Co.*, 354 S.C. 92, 96, 579 S.E.2d 616, 618 (2003) (holding the appellate court will reverse the circuit court's ruling on a directed verdict motion only when no evidence supports the ruling or the ruling is controlled by an error of law); *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 248, 626 S.E.2d 1, 4 (2006) (holding a plaintiff in a medical malpractice case "must show that the defendants' departure from such generally recognized practices and procedures was the proximate cause of the plaintiff's alleged injuries and damages"); *Martasin v. Hilton Head Health Sys., L.P.*, 364 S.C. 430, 438, 613 S.E.2d 795, 800 (Ct. App. 2005) ("[T]he expert testimony as to proximate cause must provide a significant causal link between the alleged negligence and the injuries suffered, rather than a tenuous and hypothetical connection.").

2.      As to whether the trial court erred in denying Jackson's motion for a new trial *nisi additur*:  *Waring v. Johnson*, 341 S.C. 248, 257, 533 S.E.2d 906, 911 (Ct. App. 2000) ("The consideration of a motion for a new trial *nisi additur* requires the court to consider the adequacy of the verdict in light of the evidence presented."); *O'Neal v. Bowles*, 314 S.C. 525, 527, 431 S.E.2d 555, 556 (1993) ("The denial of a motion for a new trial *nisi* is within the trial judge's discretion and will not be reversed on appeal absent an abuse of discretion."); *Todd v. Joyner*, 385 S.C. 509, 517-18, 685 S.E.2d 613, 618 (Ct. App. 2007) ("A trial court does not abuse its discretion in denying a motion for new trial *nisi additur* where evidence in the record supports the jury's verdict.").

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**